Filed 8/27/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049669 |
| v. | (Super. Ct. No. 06WF3671) |
| DAVID NEIL KENT, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge. Affirmed.

Michelle C. Zehner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted David Neil Kent of possessing child pornography (Pen. Code, § 311.11, subd. (a)(1)), all statutory references are to the Penal Code unless noted), attempting to distribute child pornography (§ 311.2, subd. (c); § 664), and distributing child pornography (§ 311.2, subd. (c)). It also convicted him of possessing methamphetamine for sale (Health & Saf. Code, § 11378) and possessing cocaine (Health & Saf. Code § 11350).

The court imposed a sentence of three years and four months,[1] but suspended execution of the sentence and placed Kent on probation under various terms and conditions, including a 365-day jail term and lifetime registration as a sex offender. We affirmed the judgment. (*People v. Kent* (Nov. 25, 2013, G047157) [nonpub. opn.].)

In July 2013, the probation officer filed a petition alleging Kent violated probation. In January 2014, the probation officer filed a second violation petition. The trial court found Kent violated probation and lifted the suspension of his sentence.

Kent's appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts of the case, the procedural history, and "possible" legal issues with citations to the record and appropriate authority, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable issues. Counsel did not argue against her client or assert the appeal was frivolous. Counsel submitted a declaration stating she reviewed the case, she advised Kent of the nature of the brief, she sent Kent a copy of the brief and the appellate record, and informed him he could file a brief on his own behalf. Counsel did not seek to withdraw, but she advised Kent he could move to

---

[1]     At the original sentencing, the trial court misstated the aggregate term as *four* years and four months, and we repeated the error in our prior opinion.

have her relieved.  We gave Kent 30 days to file a supplemental brief, but he has not responded.

We publish this otherwise routine opinion to emphasize for members of the bar appointed to represent indigent defendants on appeal that briefs identifying possible appellate issues in what turn out to be *Wende* matters remain welcome.  Accordingly, we disagree with any suggestion by a recent panel of this court in *People v. Hernandez* 228 Cal.App.4th 539 (*Hernandez*) that appellate counsel should eliminate the practice of identifying so-called "'arguable-but-unmeritorious'" issues in *Wende* briefs.  In our view, the "arguable-but-unmeritorious" label does not reflect the value of these briefs in resolving *Wende* appeals while safeguarding the right to counsel for indigent criminal defendants.  While an appellate court need not delve into or even pass on the merits of issues noted in a *Wende* brief, presenting those issues can ensure counsel does not discharge his or her duty in a merely summary fashion, and guides the court to pertinent legal issues and principles, thereby aiding the court in its *Wende* review.  We therefore encourage counsel to continue to submit such briefs.

FACTS AND PROCEDURAL BACKGROUND

On July 19, 2013, the probation department filed a petition alleging Kent violated his probation.  According to the petition, a condition of Kent's probation required him to submit his person and property to search and seizure by probation officers or law enforcement personnel.  He was also required to "not subscribe to or have access to any form of on-line internet service, without written permission of the probation officer."

According to the petition, on July 17, 2013, Kent failed to provide his probation officer a pass code to an Apple iPod device found in his bedroom.  A search of the iPod revealed Kent "had multiple automatic Wi-Fi wireless network connections for

3

internet access in the vicinity of his residence" and "[t]he device also showed [Kent] had recent correspondence with use of multiple email accounts and accessed Craiglist's personal posting." Under the heading "Circumstances of the Violation," the petition recounted that during the search of Kent's bedroom, an iPod was found and Kent "was directed to provide the pass code to the iPod device; however, he claimed he did not know it and that the iPod belonged to his sister. The undersigned [probation] officer contacted [Kent's] sister Susan C. and learned she had two iPod devices, one in her possession and the other she did not know of its whereabouts." Susan was evasive about whether she allowed Kent to use her iPod, but she provided a pass code that unlocked the device found in Kent's bedroom. "Upon inspection of the iPod, it was learned the device had multiple automatic Wi-Fi wireless connections for internet access in the vicinity of [Kent's] residence. There were multiple e-mail address accounts with [Kent's] name and his mobile phone number was found in some of his e-mail correspondences. The most recent e-mail correspondence was dated July 15, 2013 between the probationer and a known associate" of Kent's. The petition also provided other information indicating Kent's performance on probation was "extremely poor" in the probation officer's opinion.

On January 8, 2014, the probation department filed a second petition alleging Kent violated his probation: "On or about December 17, 2013, a forensic search of the probationer's Apple iPod 4 was completed in the High Technology Lab of the Orange County Probation Department. The Extraction Report provided 190 entries of Internet Web History from April 20, 2013 to July 11, 2013." Under the heading "Circumstances of the Violation," the petition stated a forensic search of the iPod showed

4

the device had been used to perform various Internet searches involving sexual matter and drugs.

Probation officer Jason Doud testified at the January 9, 2014 probation violation hearing that he and Kent's probation officer, Con Van Nguyen, searched Kent's bedroom on July 17, 2013, and found an iPod, which Doud turned over to the department's high technology crime lab. Doud received a forensic or extraction report reflecting the iPod accessed the Internet on dates ranging from April 20, 2013 through July 11, 2013.

The court overruled Kent's objections to the foundation for the extraction report, and Doud's qualifications. Counsel noted there were "two separate violations" or petitions filed, and asked "which one the prosecution is going on." The prosecutor responded "both." Kent apparently provided health records (not in the appellate record) showing he was hospitalized until June 27 "which was pretty well close to when this incident happened."

The court took a recess to review documents (not in the appellate record) and found Kent violated probation. The court noted it "doesn't find that [] discussion of what appears to be consensual – consensual adult contact via e-mail between two people is in any way a violation." The court scheduled a sentencing hearing.[2]

At the sentencing hearing on January 30, 2014, the court stated it had considered "extensive additional documents" provided by Kent (not in the appellate record). It lifted the stay of the previously imposed prison sentence. The court credited

---

[2]    In early December 2013, Kent file a motion to dismiss the probation violation proceeding on due process grounds, arguing he had been arrested July 17, and he had not been provided a hearing within a reasonable time. At the violation hearing, counsel complained "they waited so long to bring forth this information about the extraction." The court evidently denied the motion to dismiss.

5

Kent with the actual days spent in jail as a condition of probation and following his arrest for the probation violation, plus applicable conduct credits.

Kent filed a notice of appeal February 11, 2014, indicating he was appealing after a contested probation violation. (§ 1237, subd. (b).) Appointed appellate counsel advised this court of possible issues, including whether Kent's trial counsel performed ineffectively, whether sufficient evidence supported Kent's probation violation, and whether the court correctly calculated Kent's custody and conduct credits.

DISCUSSION

In *Hernandez,* a panel of this court recently criticized "the custom of raising ""'arguable-but-unmeritorious' issue[s]" in *Anders/Wende* appeals." (*Hernandez, supra*, 228 Cal.App.4th at p. 542].) *Hernandez* drew the phrase from Justice Gardner's opinion in *People v. Johnson* (1981) 123 Cal.App.3d 106, where the *Johnson* court "reject[ed] a concept which has crept into our judicial literature— the 'arguable-but-unmeritorious' issue on appeal." (*Id.* at p. 109.) *Johnson* traced the practice to a perceived dilemma after *Anders v. California* (1967) 386 U.S. 738, where the high court observed that if counsel appointed for an indigent criminal appellant "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. *That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.*" (*Id.* at p. 744, italics added.) The Supreme Court suggested this procedure would "induce the [appellate] court to pursue all the more vigorously its own review because of the ready references not only to the record but also to the legal authorities as furnished it by counsel." (*Id.* at p. 745.)

Some courts, including the *Johnson* court, perceived in this procedure a dilemma in which counsel "must present marginal, nay, hopeless issues *which at the same time prevents an independent review by the court*." (*Johnson*, *supra*,

6

123 Cal.App.3d at p. 110, italics added.) *Johnson* relied on the fact appellate courts outside the *Anders/Wende* context generally do not conduct an independent, whole-record review when counsel raises discrete issues. Justice Gardner observed: "'An attorney who cannot discover an arguable issue thus secures an appellate review of the record which is not necessarily enjoyed by his more feisty counterpart who raises one or two frivolous issues, easily disposed of by the inspection of a few pages of transcript.' [Citation.]" (*Id.* at p. 111.) Justice Gardner concluded "the answer to this dilemma is to jettison the concept of 'arguable-but-unmeritorious' issues" (*ibid.*), and *Hernandez* agreed. (*Hernandez*, *supra*, 228 Cal.App.4th at p. 542.)

But the dilemma the *Johnson* court posed is a false dilemma precisely because the so-called "marginal" issues presented in an *Anders/Wende* brief do not *preclude* the appellate court's whole-record review, but instead *aid* the appellate court in that endeavor, as the Supreme Court explained. (*Anders*, *supra*, 386 U.S. at p. 745.)

Similarly, we disagree with *Johnson*'s apparent disdain for *Wende* briefs that include "arguable, but unmeritorious issues." *Johnson* sought to eliminate from *Wende* briefs counsel's identification of issues that, "in counsel's professional opinion," do not have "a reasonable potential for success." (*Johnson*, *supra*, 123 Cal.App.4th at p. 109.) The *Johnson* court apparently excluded from its definition of "success" appeals that change or clarify the law but do not garner reversal or a sentence modification (see *ibid.*), and we disagree with that conclusion. We also disagree with *Johnson*'s implicit view that an argument is either meritorious or entirely devoid of merit, and that counsel's role in submitting a *Wende* brief must be to "throw up his hands and say to the court, 'You look it over, I can't find anything to argue about.'" (*Id.* at p. 112.)

While an argument may prove unmeritorious, that is for the court ultimately to determine, and it is not always obvious at the outset of counsel's review or the court's. Indeed, no appellate matter begins as a *Wende* case, but instead becomes one as counsel searches the record and researches the legal issues, finding little to argue or finding that

7

further research clarifies and resolves issues that seemed to have merit. Citing in a *Wende* brief the potential issues and pertinent legal authorities counsel pursued in his or her review can alert the court to consider these issues in its own review of the entire record. It may also point the court to other, related issues it may discover in reviewing the case. (See, e.g., *Anders*, *supra*, 386 U.S. at p. 745 [apt legal citations can aid a court in "pursu[ing] all the more vigorously its own review"].) This is particularly true in our adversarial process, where courts do not often confront the bare factual or legal record in a case without the aid of counsel. We observe that documenting such issues is also fitting given appointed counsel are paid for their efforts in filing *Wende* briefs, and the court should derive what benefit it can from those submissions.

At bottom, however, the purpose of *Wende* review is to ensure an indigent criminal defendant is afforded an equal right to counsel on appeal, and the discipline required of counsel in identifying and briefing potential legal issues serves that purpose. There can be shades of doubt in counsel's estimation of an argument's likely success, and counsel reasonably may err on the side of prudence in referencing an issue in a *Wende* brief instead of abandoning it altogether. In *Smith v. Robbins* (2000) 528 U.S. 259 (*Smith*), the high court upheld California's *Wende* procedure though it does not "*requir[e]* the *Wende* brief to raise legal issues" (*id.* at p. 282, italics added), but that does not mean we must ignore those issues when they are presented, nor bar counsel from presenting them. As in *Hernandez*, we may conclude that the issues counsel suggests for review are "unmeritorious," and "therefore decline to address them further." (*Hernandez*, *supra*, 228 Cal.App.4th at p. 543.)

But to the extent *Hernandez* agreed with *Johnson* "to jettison the concept of 'arguable-but-unmeritorious' issues" (*Johnson*, *supra*, 123 Cal.App.3d at p. 111), we part company with both cases. We see no reason to preclude what neither *Wende*, nor *Smith* in any way discouraged. To the contrary, *Wende* requires counsel to alert the court "'to anything in the record that might arguably support the appeal.'" (*Wende*, *supra*,

8

25 Cal.3d at p. 439.)  And *Smith* recognizes the purpose of *Wende* review is to "ensure[] that a trained legal eye has searched the record for arguable issues," which "assists the reviewing court in its own evaluation of the case."  (*Smith*, *supra*, 528 U.S. at p. 281.) Simply put, appellate counsel's identification of potential issues and citation of pertinent legal authority aids us in our *Wende* review of the entire record, and we therefore encourage the practice.

Here, with the aid of counsel's brief and following the *Wende* guidelines, we have reviewed the entire appellate record and in our independent analysis and judgment find no arguable issue.  Kent has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106 [appellate court must address issues raised personally by appellant in a *Wende* proceeding]), nor has he requested to have appellate counsel relieved.  Consequently, we affirm the judgment.  (*Wende*, *supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

9