Filed 5/5/16  P. v. Steward CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264004 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA405643) |
| MARSAE DEWAYNE STEWARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Brandlin, Judge.  Affirmed.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Marsae Dewayne Steward filed a notice of appeal from a judgment of conviction based on a negotiated settlement agreement. He did not obtain a certificate of probable cause from the trial court. (Pen. Code, § 1237.5.)[1] His counsel filed a *Wende* brief which raised no issues. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was provided with a copy of the record, and advised of his rights to submit a supplemental brief and seek new counsel. Defendant filed a supplemental brief requesting a certificate of probable cause, claiming his sentence was unauthorized, excessive, and illegal.[2] For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

By an amended information filed in January 2015, defendant was charged in count 1 with first degree murder, with malice, of Vincent Cleveland M. (§ 187, subd. (a), count 1.) As to that victim, he also was charged in count 2 with voluntary manslaughter, without malice, upon a sudden quarrel and heat of passion, and with personal use of a deadly weapon, a knife (§§ 192, subd. (a), 12022, subd. (b)(1)), and as to count 3, it was alleged that defendant committed assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), with personal infliction of great bodily injury (§ 12022.7, subd. (a)). Two prior serious and/or violent felony convictions also were alleged (§§ 667, subd. (a)(1), 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).

Before trial, the prosecution offered to dismiss the murder charge (count 1)— which, with enhancements, carried a possible maximum sentence of 56 years to life—if

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The supplemental brief was drafted by DeAndre Bloodsaw, a self-designated "Next Friend." This is a departure from the usual practice in a *Wende* appeal, but is permitted in petitions for habeas corpus. (See *Al-Aulaqi v. Obama* (D.D.C. 2010) 727 F.Supp.2d 1, 16–17 ["'Next friend' standing originated in connection with petitions for habeas corpus"].) To the extent the supplemental brief is seeking relief available by petition for writ of habeas corpus, those issues are beyond the scope of this *Wende* appeal.

defendant pleaded no contest to counts 2 and 3, with a negotiated sentence of 33 years, to be served at 85 percent. The offer was contingent upon a stipulation by defendant and his counsel that counts 2 and 3 did not merge under section 654, that the assault in count 3 occurred at a separate time and location than the voluntary manslaughter alleged in count 2, and that the proposed 33-year sentence was "specifically negotiated . . . to reach that sentence . . . notwithstanding any other sentencing issues." After discussing the offer with counsel, defendant expressly waived his constitutional rights and accepted the terms of the deal. His plea was taken pursuant to the settlement agreement.

At the sentencing hearing, the trial court imposed the negotiated sentence of 33 years for counts 2 and 3. The court reminded defendant that "any 654 issues are expressly waived. There is a different location between the offenses." The sentence was structured pursuant to the agreement as follows:

- Defendant received 28 years on count 2, involuntary manslaughter, consisting of the high term of 11 years (§ 192, subd. (a)), doubled to 22 years (§ 667, subd. (e)(1), 1170.11, subd. (c)(1)), with a one-year weapon enhancement (§ 12022, subd. (b)(1)) and a five-year prior serious felony enhancement (§ 667, subd. (a)(1)).

- The court imposed a consecutive five-year term on count 3, aggravated assault, consisting of a one-year term (one-third the mid-term of three years) (§ 245, subd. (a)(4)), doubled to two years (§§ 667, subd. (e)(1), 1170.11, subd. (c)(1)), with a three-year enhancement for great bodily injury (§ 12022.7, subd. (a)).

## DISCUSSION

Through the response filed by his "Next Friend," defendant argues the great bodily injury enhancement is inapplicable to manslaughter (§ 12022.7, subd. (g)) and that his trial counsel was ineffective in that regard, and that he received multiple punishments for the same acts in violation of section 654.

3

The first contention is inapplicable because the enhancement for great bodily injury was not imposed for manslaughter; it was imposed for aggravated assault, as to which the prohibition in subdivision (g) of section 12022.7 does not apply. Accordingly, the related argument that defendant's trial counsel was ineffective lacks merit.

Defendant's reliance on section 654 is misplaced. When he entered into his negotiated disposition, defendant and his attorney stipulated that the crimes alleged in counts 2 (voluntary manslaughter) and 3 (aggravated assault) occurred at separate places and times. He was reminded of this at the sentencing hearing, at which no objection was raised. Unless a claim that a sentence violates section 654's prohibition of double punishment is raised at the time the settlement agreement is recited on the record, the claim is waived. (Cal. Rules of Court, rule 4.412(b).)

Defendant faces a more fundamental problem. The law is settled that when a defendant challenges the very sentence that was negotiated as part of a plea bargain, he or she is attacking the validity of the plea. (*People v. Cuevas* (2008) 44 Cal.4th 374, 382.) According to section 1237.5, subdivision (b), a certificate of probable cause must be sought in the *trial* court in order to attack the validity of the plea on appeal.[3] (See *People v. Young* (2000) 77 Cal.App.4th 827, 829 ["'a challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and therefore requires that the defendant 'seek and obtain a probable cause certificate in order to attack the sentence on appeal'"].)

In *In re Chavez* (2003) 30 Cal.4th 643, 646–647, the Supreme Court held that "[w]hen a defendant has pleaded guilty or no contest (nolo contendere) to a criminal charge, the defendant may not appeal the judgment of conviction on issues 'going to the

---

[3] Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The *trial court* has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (Italics added.)

legality of the proceedings' unless, within 60 days of rendition of the judgment, he or she files with the trial court a written statement executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds for appeal and, within 20 days after that filing, the trial court executes and files a certificate of probable cause for appeal. ([§ 1237.5]; Cal. Rules of Court, rule [8.304(b)].)" The failure to comply with section 1237.5 is a fatal defect. (*Chavez*, *supra*, 30 Cal.4th at p. 651.)

As a result of his failure to comply with the requirements of section 1237.5, to the extent defendant is claiming actual innocence the contention is not subject to appellate review. (See *People v. O'Daniel* (1987) 194 Cal.App.3d 715, 718 ["Issues which merely go to the guilt or innocence of a defendant are removed from consideration by entry of a guilty plea . . . [A] defendant cannot admit the sufficiency of the evidence by pleading guilty and then question the evidence by an appeal under section 1237.5."].)

Based on our independent analysis of counsel's brief, the supplemental brief filed by defendant's "Next Friend," and the entire appellate record, we find no other arguable issue on appeal. (*People v. Kelly* (2006) 40 Cal.4th 106, 121; *People v. Kent* (2014) 229 Cal.App.4th 293, 300.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

MANELLA, J.

5