Filed 5/23/16  P. v. Neil CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B266082 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA109348) |
| v. | |
| MITCHELL NEIL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Marrs,  Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Mitchell Allen Neil was charged with one count of continuous sexual abuse (Pen. Code, § 288.5, subd. (a); count 1),[1] and three counts of committing a lewd act upon a child (§ 288, subd. (a); counts 2, 3, 4). The victim in all four counts, S. Doe, was alleged to be a child under the age of 14 years who resided in the same house with defendant. Pursuant to a negotiated plea agreement, defendant pled no contest to count 2, and counts 1, 3, and 4 were dismissed. He received a stipulated sentence of eight years.

Defendant filed a notice of appeal from the judgment. He did not obtain a certificate of probable cause from the trial court. (§ 1237.5.)[2] His counsel filed a *Wende* brief which raised no issues. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was provided with a copy of the record, and advised of his rights to submit a supplemental brief and seek new counsel. We have received no communication from him.

In *In re Chavez* (2003) 30 Cal.4th 643, 646–647, the Supreme Court held that "[w]hen a defendant has pleaded guilty or no contest (nolo contendere) to a criminal charge, the defendant may not appeal the judgment of conviction on issues 'going to the legality of the proceedings' unless, within 60 days of rendition of the judgment, he or she files with the trial court a written statement executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds for appeal and, within 20 days after that filing, the trial court executes and files a certificate of probable cause for appeal. ([§ 1237.5]; Cal. Rules of Court, rule [8.304(b)].)" The failure to comply with section 1237.5 is a fatal defect. (*Chavez*, *supra*, 30 Cal.4th at p. 651; see *People v. O'Daniel* (1987) 194 Cal.App.3d 715, 718 ["Issues which merely go to the guilt or innocence of a defendant are removed from consideration by entry of a guilty

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

plea . . . [A] defendant cannot admit the sufficiency of the evidence by pleading guilty and then question the evidence by an appeal under section 1237.5 [citation]"]; see *People v. Young* (2000) 77 Cal.App.4th 827, 829 ["'a challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and therefore requires that the defendant 'seek and obtain a probable cause certificate in order to attack the sentence on appeal'"].)

Based on our independent analysis of counsel's brief and the entire appellate record, we find no arguable issue on appeal. (*People v. Kelly* (2006) 40 Cal.4th 106, 121; *People v. Kent* (2014) 229 Cal.App.4th 293, 300.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

3