Filed 8/1/16  P. v. Joachim CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DUANE SCOTT JOACHIM,<br><br>        Defendant and Appellant. | A147190<br><br>(Sonoma County<br>Super. Ct. No. SCR-464255) |

Duane Scott Joachim appeals from an order summarily denying his petition for resentencing under Penal Code section 1170.18,[1] part of The Safe Neighborhoods and Schools Act (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014); hereafter Proposition 47).  Appellant's court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  Counsel has also filed a supplemental letter brief with this Court directing our attention to the recent decision in *People v. Smith* (July 8, 2016, E062858) ___ Cal.App.4th ___ [2016 WL 3676069] (*Smith*), which might " 'arguably support the appeal.' " (*Wende*, at p. 439; see *People v. Kent* (2014) 229 Cal.App.4th 293, 296 ["briefs identifying possible appellate issues in what turn out to be *Wende* matters remain welcome"].)  We affirm.

I.  *FACTS AND PROCEDURAL HISTORY*

On January 3, 2006, appellant pleaded guilty to a single count of possession of stolen properly under section 496, subdivision (a), in an exchange for a dismissal of other

---

[1]        Further statutory references are to the Penal Code.

charges and a grant of probation conditioned upon his serving 12 months in the county jail. The plea agreement did not specify the value of the stolen property at issue.

On November 4, 2014, the voters enacted Proposition 47, which "reclassified certain drug-and theft-related offenses that were felonies or 'wobblers' as misdemeanors, and provided a resentencing process for individuals who would have been entitled to lesser punishment if their offenses had been committed after its enactment." (*People v. Rouse* (2016) 245 Cal.App.4th 292, 294.) As relevant here, newly-enacted section 1170.18, subdivision (f), provides, "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."

On June 18, 2015, appellant filed a Proposition 47 petition under section 1170.12,[2] alleging in relevant part: "1. On January 3, 2006, [appellant] was convicted within the above-entitled case of a felony violation of Penal Code, § 496(a) Receiving Stolen Property that has now been made a misdemeanor per Proposition 47, enacted November 04, 2014. [¶] 2. The value of the property does not exceed $950.00, since, that amount was never a condition of the plea agreement. [¶] 3. [Appellant] has currently served the imposed sentence for this offense. . . ."

The Sonoma County District Attorney filed a form response to the petition, which stated appellant was not entitled to resentencing because the "value of the stolen property exceeds $950."[3] The trial court denied the petition without holding a hearing on the matter.

---

[2] Appellant filed his petition under section 1170.18, subdivision (a), which allows a defendant who is currently serving a sentence for a Proposition 47 offense to petition for recall and resentencing. However, appellant alleged in the petition that he had completed his sentence, making subdivision (f) the relevant subdivision of section 1170.18. The distinction does not affect our analysis.

[3] An incident report filed by the Sonoma County Sheriff's Department, and attached as an exhibit to a motion to suppress evidence brought by appellant under section 1538.5,

## II. *DISCUSSION*

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note appointed counsel has filed a *Wende/Anders* brief raising no issues but has directed our attention to a decision that might arguably support the appeal. Appellant has been advised of his right to file a supplemental brief, but did not file such a brief. We have considered the possible issue identified by appellate counsel and have independently reviewed the entire record for potential error. We find none.

Appellant's 2006 felony conviction for receiving stolen property could be reduced to a misdemeanor under Proposition 47 only if the value of the property taken was less than $950. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136 (*Perkins*).) Appellant bore the burden of presenting a legally sufficient petition establishing his eligibility for relief. (*Ibid.*; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449–450 (*Rivas-Colon*); *People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*).) Appellant did not carry this burden. He did not allege in his Proposition 47 petition that the property he received was *in fact* worth less than $950, but only that its value did not exceed $950 "since, that amount was never a condition of the plea agreement." This allegation was, essentially, a statement that because the plea agreement did not specify the property was worth more than $950, it must be deemed to have been worth less than $950. This is not the law.

Assuming appellant's petition can be construed to mean the property he received was in fact worth less than $950, the petition contained no information that would allow the trial court to evaluate this assertion. In *Perkins*, *supra*, 244 Cal.App.4th at page 137, the court found a similarly conclusory allegation insufficient to state a prima facie claim for relief under Proposition 47: "Defendant submitted a form that asserted he was convicted [of] receipt of stolen property and that the value of the property did not exceed $950. But he did not indicate anywhere on the form the factual basis of his claim

---

indicates the property taken included tools valued at over $4,500. The police report is hearsay and it could not be used to establish the value of the property. (See *People v. Ayers* (2005) 125 Cal.App.4th 988, 994.)

regarding the value of the stolen property. . . . The petition provided no information whatsoever on the nature and value of the stolen property to aid the superior court in determining whether defendant is eligible for resentencing. . . . We conclude defendant's petition did not meet his burden of providing evidence to establish he is eligible for resentencing on his receiving stolen property conviction."

The recent decision in *Smith*, *supra*, ___ Cal.App.4th at page ___ [2016 WL 3676069, p. *5], does not require a different result. There, the defendant filed a declaration signed under penalty of perjury stating the value of the property taken in two commercial burglaries was less than $950. (*Ibid*.) The People had not contested the value of the property in their response to the Proposition 47 petition and agreed the defendant was entitled to resentencing on both burglary counts, though they requested a hearing on whether one of the counts involved a commercial establishment, as was required to redefine the crimes as shoplifting offenses eligible for treatment under Proposition 47. (*Id*. at p. *2.) The Court of Appeal concluded the defendant's declaration established a prima facie case for relief, even though it was not accompanied by additional evidence concerning the value of the property. (*Id*., at p. *5.) In the case before us, the People *did* dispute that the value of the property was less than $950.

We are satisfied appellant's appointed attorney has fully complied with the responsibilities of appellate counsel and no arguable issues exist regarding the denial of appellant's Proposition 47 petition. (*Smith v. Robbins* (2000) 528 U.S. 259, 283.) We note, however, that when appellant filed his petition in June 2015, case law had not yet established that the moving defendant bore the burden of proof of establishing eligibility under Proposition 47. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 881 [filed Aug. 11, 2015]; *Rivas-Colon*, *supra*, 241 Cal.App.4th at pp. 448–450 [filed Oct. 16, 2015]; *Perkins*, *supra*, 244 Cal.App.4th at pp. 139–142 [filed Jan. 25, 2016].) Our affirmance of the judgment will be without prejudice to appellant filing a new petition that offers evidence of his eligibility.

## III. *DISPOSITION*

The order denying appellant's petition under Proposition 47 is affirmed. This affirmance is without prejudice to the superior court's consideration of a subsequent petition offering evidence of appellant's eligibility for the requested relief.

_____
NEEDHAM, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.