Filed 9/3/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALBERTO FLORES,<br><br>    Defendant and Appellant. | G058486<br><br>(Super. Ct. No. 00NF1662)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge. Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, and Robin Urbanski, Deputy Attorney General, for Plaintiff and Respondent.

\*         \*         \*

"In an indigent criminal defendant's *first appeal as a matter of right*, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535, italics added; see *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

In this case, a trial court summarily denied defendant's postjudgment petition for resentencing under Penal Code section 1170.95.[1] Appointed counsel found no arguable issues to raise on appeal. Counsel filed a "*Wende* brief" asserting this court must independently review the record. Defendant did not file a brief on his own behalf.

This is not defendant's first appeal as a matter of right; therefore, we are not *required* to independently review the record. (See *Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 535.) However, we have found no legal authority that *prohibits* us from conducting such an independent review in the interests of justice.

Here, we have reviewed the entire record on appeal and found no arguable issues. Thus, we affirm the order denying defendant's section 1170.95 petition.


I

FACTS AND PROCEDURAL BACKGROUND

In 2002, a jury convicted defendant Alberto Flores of murder, robbery, and a substantive gang offense. The jury found true gang allegations and an allegation that defendant had personally used a weapon (a knife) in the commission of the crimes. The trial court imposed a life sentence. We affirmed the judgment on direct appeal. (*People v. Flores* (May 5, 2004, G030799) [nonpub. opn.].)

In 2019, defendant filed a section 1170.95 petition for resentencing claiming he was convicted of murder under the felony-murder rule or under the natural and probable consequences doctrine. The trial court summarily denied the petition:

---

[1] Further undesignated statutory references are to the Penal Code.

"A review of court records indicates defendant is not eligible for relief under the statute because . . . defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of liability for aiders and abettors."

Defendant filed a notice of appeal from the trial court's denial of the section 1170.95 petition. Defendant's appointed counsel filed a *Wende* brief summarizing the case with citations to the record, but counsel raised no arguable issues on appeal.[2] Counsel asserted: "the Court of Appeal must conduct a review of the entire record . . . ." Counsel and this court notified defendant he could file a brief on his own behalf, but he did not do so.

We later invited the parties to address: "Whether the procedural protections under *Anders* [*v. California* (1967)] 386 U.S. 738 [(*Anders*)], and *Wende*, *supra*, 25 Cal.3d 436, apply to an appeal from a trial court's order denying a defendant's petition under Penal Code section 1170.95."

We received opposing briefs and we now consider the issue.

II

DISCUSSION

In a matter of first impression, we hold that when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice. This is a pure question of law, so our review is de novo. (*In re Richards* (2012) 55 Cal.4th 948, 960.)

_____

[2] An "arguable issue" is one that has a reasonable potential for success and if successful, will "result in reversal or modification of the judgment." (*People v. Garcia* (2018) 24 Cal.App.5th 314, 317.) Counsel did raise ""'arguable-but-unmeritorious' issues'"; a practice this court generally encourages because it aids in our own review of the record on appeal. (See *People v. Kent* (2014) 229 Cal.App.4th 293, 300.)

3

We will discuss: A) the basis of an appellate court's required independent review of the record in a first appeal as a matter of right; B) why such an independent review is therefore not required in a postjudgment appeal from a trial court's denial of a section 1170.95 petition; and C) how an independent review of the entire record on appeal is nonetheless allowable and serves the interests of justice.

*A. An Appellate Court's Independent Review of the Record*

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." In a landmark decision, the Supreme Court held this fundamental right extends to all indigent criminal defendants. (*Gideon v. Wainwright* (1963) 372 U.S. 335, 336-345.) Consequently, state courts are required to appoint counsel for an indigent defendant "at all critical stages of a criminal proceeding in which the substantial rights of a defendant are at stake." (*People v. Crayton* (2002) 28 Cal.4th 346, 362.)

Perhaps surprisingly, the federal Constitution does not guarantee criminal defendants the right to an appeal. (*McKane v. Durston* (1894) 153 U.S. 684, 687-688.) However, on the same day the Supreme Court issued its ruling in *Gideon v. Wainwright*, *supra*, 372 U.S. 335, the Court held that if a state does, in fact, grant a criminal defendant the right to an appeal, then it must appoint counsel in the "one and only appeal" as a matter of right. (*Douglas v. California* (1963) 372 U.S. 353, 356-357.)

When counsel is appointed for a defendant on appeal, ethical and procedural predicaments often arise when counsel can find no meritorious issues to raise in the appellate court. Appellate counsel is torn between the duty to provide zealous advocacy to his or her client, and the duty of candor to the court. (*Anders*, *supra*, 386 U.S. at p. 744.) Further, the appellate court itself has a duty to protect the constitutional rights of the defendant. (See *Sheppard v. Maxwell* (1966) 384 U.S. 333, 362-363.)

Accordingly, the United States Supreme Court has established minimum constitutional standards for appointed counsel and appellate courts in "no merit" appeals. (*Anders*, *supra*, 386 U.S. 738.)  California courts have since applied *Anders* and further developed a body of case law and rules to address what are colloquially known in California as either *Anders/Wende* or simply *Wende* appeals.

In its own landmark decision, the California Supreme Court held that when appointed counsel files an opening brief for an indigent defendant that raises no arguable issues, an appellate court is required to conduct an independent review of the record. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  In *Wende*, a trial court found defendant guilty of two counts of robbery and imposed a five-year sentence.  (*Id*. at p. 438.)  Defendant filed a notice of appeal and was appointed counsel.  Defendant's counsel filed a brief that summarized the facts and the proceedings but raised no arguable issues.  Defendant was notified he could file a brief on his own behalf, but he did not do so.  The Court of Appeal dismissed the appeal as abandoned, without conducting an independent review of the record.  (*Id*. at pp. 438-439.)  The Supreme Court disagreed with that procedure, conducted its own independent review, and affirmed the judgment.  (*Id*. at p. 443.)

The California Supreme Court held "*Anders* requires the [appellate] court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues . . . .  This obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally." (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  If an arguable issue is found during the independent review of the record on appeal, then the appellate court "should inform counsel for both sides and provide them an opportunity to brief and argue the point."  (*Id*. at p. 442, fn. 3.)

Subsequently, all federal and California opinions have repeatedly and consistently held that an appellate court's obligation to conduct an independent review of the record only applies when appointed counsel raises no arguable issues in a criminal

5

defendant's *first appeal as a matter of right*. (See, e.g., *Smith v. Robbins* (2000) 528 U.S. 259, 276 [*Anders*/*Wende* procedure provides minimum constitutional safeguards in a "'first appeal as of right'"]; *Pennsylvania v. Finley* (1987) 481 U.S. 551, 557 [state created right to counsel in *postconviction* proceedings did not require application of *Anders* procedures]; *In re Sade C.* (1996) 13 Cal.4th 952, 959 [appellate court not required to independently review the record in juvenile dependency proceedings[3]]; *Conservatorship of Ben C.*, *supra*, 40 Cal.4th at pp. 536-537 [same as to conservatorship proceedings]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503 [same as to postconviction motions to vacate]; *People v. Placencia* (1992) 9 Cal.App.4th 422, 424 [independent review not required in case where defendant has retained private counsel].)

## B. A Postjudgment Section 1170.95 Petition

Effective January 1, 2019, with the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.), the Legislature reduced the scope of the felony-murder rule and eliminated vicarious liability for murder under the natural and probable consequences doctrine. Generally, liability for murder now requires that the defendant: 1) was the actual killer; 2) was a direct aider and abettor who acted with the intent to kill; or 3) "was a major participant in an underlying felony and acted with reckless indifference to human life." (See §§ 187, 188, 189, subd. (e)(3).)

Section 1170.95, subdivision (a), permits an accomplice convicted of murder (not the actual killer) to petition the court to vacate his or her conviction and be resentenced on any remaining counts if the person could no longer be convicted of murder after the passage of Senate Bill No. 1437. A petition for relief must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number

---

[3] An independent review is required in a minor's first appeal as a matter of right in a juvenile delinquency proceeding. (*In re Kevin. S*. (2003) 113 Cal.App.4th 97, 119.)

6

and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).)

If the required information is provided, the court must "review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made a prima facie showing, the trial court is obligated to conduct further proceedings, otherwise the petition may be summarily denied. (See § 1170.95, subd. (c); *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138, review granted Mar. 18, 2020, S260598.)

In California, a criminal defendant has the statutory right to appeal "from a final judgment of conviction." (§ 1237, subd. (a).) A criminal defendant also has the statutory right to appeal: "From any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) The Sixth Amendment guarantees a criminal defendant the right to appointed counsel in defendant's first appeal as a matter of right. (See *Douglas v. California*, *supra*, 372 U.S. at pp. 356-357.) Thereafter, California generally provides indigent defendants with the right to appointed counsel in postjudgment appeals based on due process and equal protection grounds. (See §§ 1239, 1240, 1240.1; *In re Barnett* (2003) 31 Cal.4th 466, 472-473.)

A Court of Appeal recently held in *People v. Cole* (Aug. 3, 2020, B304329) __ Cal.App.5th __ [2020 WL 4435275] (*Cole*), that it was not required under *Anders/Wende* principles to conduct an independent review of the record when neither appointed counsel nor the defendant raised any arguable issues in a postjudgment appeal from a trial court's denial of a section 1170.95 petition.

In 2007, a jury convicted the defendant in *Cole* of murder and arson, the trial court imposed a life sentence, and the convictions and sentence were affirmed in the defendant's first appeal. (*Cole*, *supra*, 2020 WL 4435275 at p. *1.) In 2019, the defendant filed a postjudgment section 1170.95 petition, which was summarily denied by the trial court because the defendant was the actual killer. The defendant filed a notice of

7

appeal. Appointed counsel filed an opening brief raising no arguable issues; the defendant did not file a supplement brief on his own behalf. Counsel invited the court "to independently review the record for arguable issues." But because this was not the defendant's first appeal as a matter of right, the appellate court declined to conduct an *Anders/Wende* review and dismissed the appeal as abandoned: "The Court of Appeal has no independent duty to review the record for reasonably arguable issues. [Citation.] [¶] If the defendant does not file a supplemental brief, the Court of Appeal may dismiss the appeal as abandoned." (*Cole*, *supra*, 2020 WL 4435275 at pp. *4, *8.)

Here, the procedural posture of this case essentially mirrors *Cole*: neither defendant nor appointed counsel raised any arguable issues in defendant's postjudgment appeal from a summary denial of his section 1170.95 petition. However, while we agree with the primary holding in *Cole*—that we are not *required* to conduct an independent review of the record because this is not defendant's first appeal as a matter of right—we have found no legal authority that *prohibits* us from doing so in the interests of justice.

## C. Appellate Procedures in the Interests of Justice

"Every court shall have the power to . . .: [¶] . . . [¶] . . . amend and control its process and orders so as to make them conform to law and *justice*." (Code. Civ. Proc., § 128, subd. (a)(8), italics added.) Appellate courts "have fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation before them." (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967.) "'In addition to their inherent equitable power . . . , all courts have inherent supervisory or administrative powers which enable them to carry out their duties, and which exist apart from any statutory authority.'" (*Ibid.*)

In short, there is nothing preventing an appellate court from implementing its own procedures in the interests of justice. (See *Rutherford v. Owens-Illinois, Inc.*, *supra*, 16 Cal.4th at p. 967 ["'Courts are not powerless to formulate rules of procedure

8

where justice demands it'"].)  Therefore, we will now analyze whether an independent review by a Court of Appeal would best serve the interests of justice under circumstances where a trial court has summarily denied a defendant's petition for resentencing under section 1107.95 and his or her appointed counsel has filed a *Wende* brief.

There are three well-established "due process" criteria that are helpful to courts when establishing procedures in the interests of justice:  "They are (1) 'the private interests at stake,' (2) 'the government's interests,' and (3) 'the risk that the procedures used will lead to erroneous decisions.'"  (*Cole*, *supra*, 2020 WL 4435275 at p. *6; see *Lassiter v. Department of Social Services* (1981) 452 U.S. 18, 27; *Mathews v. Eldridge* (1976) 424 U.S. 319, 334-335.)

In an appeal from a denial of a section 1170.95 petition, the private interests at stake are the liberty interests of the person who may be in custody and seeking release.  (See *Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 540.)  The government's interests are the appellate court's interests in making sure there was a correct ruling in the trial court, while balancing fiscal and administrative concerns.  (*In re Sade C.*, *supra*, 13 Cal.4th at pp. 989-990.)  And finally, the risk of an erroneous ruling is present if appointed counsel failed to identify a meritorious (reversible) issue on appeal, and the appellate court also failed to identify that issue by failing to conduct an independent review.

When we weigh the paramount liberty interests of the petitioner, the modest fiscal and administrative burdens to the courts, and the possible (while presumably low) risk of a petitioner's unlawful incarceration due to an unreviewed meritorious issue on appeal, we lean toward caution.  That is, although it is not required under law, we think an appellate court can and should independently review the record on appeal when an indigent defendant's appointed counsel has filed a *Wende* brief in a postjudgment appeal from a summary denial of a section 1170.95 petition (regardless of whether the petitioner has filed a supplemental brief).  (See *Wende*, *supra*, 25 Cal.3d at pp. 441-442 ["This

obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally"].)

Here, we have reviewed the entire appellate record, and in our independent analysis and judgment, we find no arguable issues. Consequently, we affirm the trial court's order denying defendant's section 1170.95 petition.

## III

## DISPOSITION

The order denying the section 1170.95 petition is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.

10