ORDER STRIKING WENDE/ANDERS BRIEF FILED BY COUNSEL FOR APPELLANT
THE COURT:*
*316 A jury convicted Jose Epifanio Garcia[1] of attempted voluntary manslaughter and assault with a semiautomatic firearm ( Pen. Code, §§ 664, 192, subd. (a), 245, subd. (b) ),[2] and Jose filed an appeal. For reasons we discuss, the Wende / Anders[3] brief filed by Jose's appointed appellate counsel is stricken. Counsel is ordered to file a new brief in conformity with Wende, supra , 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071, or file a merits brief.
FACTUAL AND PROCEDURAL BACKGROUND
Jose is Salvador's older brother. Salvador insulted the sister of victim Gerardo M., causing animosity between Salvador and Gerardo. A few months later, when Salvador and Gerardo next saw each other, the unresolved animosity between them led to a physical fight between two groups of men in the parking lot of Gerardo's apartment complex. One group included Jose, Salvador, and two of their friends. The other group included Gerardo, his cousin, and friend, Erik R. Armed with guns, Jose and Salvador approached Gerardo's unarmed group. Erik, who was a former gang member, suggested that Jose's group put their guns away and fight "one on one." Members of Jose's group then began fist fighting with members of Gerardo's group.
During the fight, Salvador pointed a gun at Erik's head. Out of concern for Erik's life, Gerardo threw a beer bottle at Salvador's head, but missed. The fighting continued, Gerardo got shot in the torso, and fell to the ground. While Gerardo was down on his back, Salvador and his friend punched him. Next, Salvador pulled out a gun from his waistband area and shot Gerardo in the face. At that point, Gerardo's father stopped the fight. Salvador pointed his gun at several of Gerardo's family members while threatening to shoot. Jose and Salvador fled the area together.
*904 Gerardo, who survived his gunshot wounds, and his sister identified Salvador as the shooter. Gerardo identified Jose as a person who had been holding a gun during the fight.
Jose and Salvador were charged with attempted murder ( §§ 664, 187, subd. (a) ) and assault with a semiautomatic firearm ( § 245, subd. (b) ). During *317 their joint trial, the People's theory, with respect to attempted murder, was that (1) Salvador shot Gerardo; and (2) Jose intended to aid and abet Salvador with committing assault with a semiautomatic firearm, a natural and probable consequence of which was attempted murder. The court instructed the jury accordingly. The court also instructed the jury on the lesser included offense of attempted voluntary manslaughter based on heat of passion/sudden quarrel and imperfect self-defense.
After deliberating, the jury convicted Jose of attempted voluntary manslaughter and assault with a semiautomatic firearm. ( §§ 664, 192, subd. (a), 245, subd. (b).) The court sentenced him to a prison term of nine years for assault with a semiautomatic firearm.[4] Jose filed a timely appeal.[5]
APPELLATE PROCEEDINGS
Jose's appointed appellate counsel submitted a brief on Jose's behalf "pursuant to the procedures outlined in [ Wende, supra ,] 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] and Anders [, supra ,] 386 U.S. 738 [87 S.Ct. 1396]."
The discussion section of the brief states as follows:
"When counsel files a brief which sets forth a summary of the proceedings and facts with citations to the transcript, but raises no specific issues, the Court of Appeal must conduct a review of the entire record to determine whether the record reveals any issues which would, if resolved favorably to the appellant, result in reversal or modification of the judgment. ( [ Wende, supra ,] 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] ; People v. Feggans (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21] ; Anders [, supra ,] 386 U.S 738 [87 S.Ct. 1396]...; see also People v. Johnson (1981) 123 Cal.App.3d 106, 109-112 [176 Cal.Rptr. 390].)"
"This brief, with the attached declaration of appellate counsel, is filed in accordance with the procedures outlined in [ Wende, supra ,] 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071], and People v. Feggans, supra , 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21], as interpreted by the court in People v. Johnson, supra , 123 Cal.App.3d 106 [176 Cal.Rptr. 390]. The following information about claims appearing in the record is provided pursuant to Anders [, supra ,] 386 U.S 738 [87 S.Ct. 1396], to assist the court in conducting its independent review of the record." (Boldface added.)
The brief then identifies general and specific "claims" appearing in the record. Under the claim headings are citations to the clerk's transcripts and/or *318 reporter's transcripts, and each claim is accompanied by string citations listed in no particular order, as follows:
"A. ERROR FOR FAILURE TO SEVER APPELLANT'S CASE FROM THAT OF HIS BROTHER SALVADOR?
*905 "(CT 1:209, 215-216, RT 1:114-116, RT 16:1260; Pen. Code, § 1098 ; Zafiro v. United States (1993) 506 U.S. 534, 544 [113 S.Ct. 933, 122 L.Ed.2d 317] ; People v. Thompson (2016) 1 Cal.5th 1043, 1081 [210 Cal.Rptr.3d 667, 384 P.3d 693] ; People v. Homick (2012) 55 Cal.4th 816, 850 [150 Cal.Rptr.3d 1, 289 P.3d 791] ; People v. Coffman and Marlow (2004) 34 Cal.4th 1, 41 [17 Cal.Rptr.3d 710, 96 P.3d 30] ; People v. Burney (2009) 47 Cal.4th 203, 236-237 [97 Cal.Rptr.3d 348, 212 P.3d 639] ; Williams v. Superior Court (1984) 36 Cal.3d 441, 447-448 [204 Cal.Rptr. 700, 683 P.2d 699] ; People v. Massie (1967) 66 Cal.2d 899, 917 [59 Cal.Rptr. 733, 428 P.2d 869] ; People v. Cummings (1993) 4 Cal.4th 1233, 1287 [18 Cal.Rptr.2d 796, 850 P.2d 1] ; United States v. Tootick (9th Cir. 1991) 952 F.2d 1078, 1082 ; United States v. Romanello (5th Cir. 1984) 726 F.2d 173, 174 People v. Boyde (1988) 46 Cal.3d 212, 231 [250 Cal.Rptr. 83, 758 P.2d 25] ; People v. Jackson (1996) 13 Cal.4th 1164, 1208-1209 [56 Cal.Rptr.2d 49, 920 P.2d 1254] ; People v. Souza (2012) 54 Cal.4th 90, 110-111 [141 Cal.Rptr.3d 419, 277 P.3d 118] ; People v . Greenberger (1997) 58 Cal.App.4th 298, 343 [68 Cal.Rptr.2d 61] ; People v. Garcia (2008) 168 Cal.App.4th 261, 280 [85 Cal.Rptr.3d 393] ; People v. Hardy (1992) 2 Cal.4th 86, 168 [5 Cal.Rptr.2d 796, 825 P.2d 781] ; United States v. Sherlock (9th Cir. 1989) 962 F.2d 1349, 1362 ; United States v. Buena-Lopez (9th Cir. 1993) 987 F.2d 657, 661.)
"B. SUFFICIENCY OF EVIDENCE RE AIDING AND ABETTING?
"( Juan H. v. Allen (9th Cir.2005) 408 F.3d 1262, 1277-1278 ; People v. Nguyen (1993) 21 Cal.App.4th 518, 531 [26 Cal.Rptr.2d 323] ; People v. Covarrubias (2016) 1 Cal.5th 838, 903 [207 Cal.Rptr.3d 228, 378 P.3d 615] ; People v. Garcia (2008) 168 Cal.App.4th 261, 272-273 [85 Cal.Rptr.3d 393] ; People v. Campbell (1994) 25 Cal.App.4th 402, 30 Cal.Rptr.2d 525, 529 ); People v. Hickles (1997) 56 Cal.App.4th 1183, 1194 [66 Cal.Rptr.2d 86] ; People v. Laster (1997) 52 Cal.App.4th 1450, 1463-1466 [61 Cal.Rptr.2d 680] ; People v. Joiner (2000) 84 Cal.App.4th 946, 967 [101 Cal.Rptr.2d 270] ; People v. Hill (1946) 77 Cal.App.2d 287, 293-294 [175 P.2d 45] ; People v. Olguin (1994) 31 Cal.App.4th 1355, 1376 [37 Cal.Rptr.2d 596] ; People v. Godinez (1992) 2 Cal.App.4th 492, 499 [3 Cal.Rptr.2d 325] ; People v. Favor (2012) 54 Cal.4th 868, 879-880 [143 Cal.Rptr.3d 659, 279 P.3d 1131].)
"C. DID APPELLANT SUFFER PREJUDICE AS A RESULT OF AN IMPEACHMENT GANG PRIOR AS TO CODEFENDANT SALVADOR?
*319 "(RT 9:808-812, CALCRIM No. 316 [evidence limited], Evid. Code, § 352 ; People v. Wheeler (1992) 4 Cal.4th 284, 297, fn. 7 [14 Cal.Rptr.2d 418, 841 P.2d 938] ; People v. Heckathorne (1988) 202 Cal.App.3d 458, 462-463 [248 Cal.Rptr. 399] ; People v. McClellan (1969) 71 Cal.2d 793, 809 [80 Cal.Rptr. 31, 457 P.2d 871] ; People v. Castro (1985) 38 Cal.3d 301, 316 [211 Cal.Rptr. 719, 696 P.2d 111] ; In re Wing Y. (1977) 67 Cal.App.3d 69, 76-79 [136 Cal.Rptr. 390] ; People v. Tassell (1984) 36 Cal.3d 77, 88 [201 Cal.Rptr. 567, 679 P.2d 1] ; People v. Williams (1997) 16 Cal.4th 153, 193 [66 Cal.Rptr.2d 123, 940 P.2d 710] ; People v. Maestas (1993) 20 Cal.App.4th 1482, 1495 [25 Cal.Rptr.2d 644] ; People v. Perez (1981) 114 Cal.App.3d 470, 479 [170 Cal.Rptr. 619] ; People v. Champion (1995) 9 Cal.4th at 879, 922 [39 Cal.Rptr.2d 547, 891 P.2d 93] ; McKinney v. Rees (9th Cir. 1993) 993 F.2d 1378, 1381 and fn. 2 ; Henry v. Estelle (9th Cir. 1993) 993 F.2d 1423, 1427-1428.)
*906 "D. ERROR NOT TO GIVE DEFENSE-REQUESTED CALCRIM NOS. 224 AND 225?
"(RT 11:1018-1019; CALCRIM No. 223 [direct/circumstantial evidence] and CALCRIM No. 224 [circumstantial evidence] (CT 1:112-113); People v. McKinnon (2011) 52 Cal.4th 610, 676 [130 Cal.Rptr.3d 590, 259 P.3d 1186] ; People v. Samaniego (2009) 172 Cal.App.4th 1148, 1170 [91 Cal.Rptr.3d 874] ; People v. Rogers (2006) 39 Cal.4th 826, 885 [48 Cal.Rptr.3d 1, 141 P.3d 135] ; People v. Cole (2004) 33 Cal.4th 1158, 1222 [17 Cal.Rptr.3d 532, 95 P.3d 811] ; People v. Brown (2003) 31 Cal.4th 518, 562 [3 Cal.Rptr.3d 145, 73 P.3d 1137] ; People v. Marshall (1996) 13 Cal.4th 799, 849 [55 Cal.Rptr.2d 347, 919 P.2d 1280] ; People v. Hughes (2002) 27 Cal.4th 287, 347 [116 Cal.Rptr.2d 401, 39 P.3d 432].)
"E. WERE AIDING AND ABETTING/NATURAL AND PROBABLE CONSEQUENCES INSTRUCTIONS PROPER?
"(CT 1:134-137; People v. Beeman (1984) 35 Cal.3d 547, 560-56 [199 Cal.Rptr. 60, 674 P.2d 1318] ; People v. McCoy (2001) 25 Cal.4th 1111, 1117-1118 [108 Cal.Rptr.2d 188, 24 P.3d 1210] ; People v. Croy (1985) 41 Cal.3d 1, 12, fn. 5 [221 Cal.Rptr. 592, 710 P.2d 392] ; People v. Coffman and Marlow (2004) 34 Cal.4th 1, 107-109 [17 Cal.Rptr.3d 710, 96 P.3d 30] ; People v. Patterson (1989) 209 Cal.App.3d 610, 614 [257 Cal.Rptr. 407] ; People v. Boyd (1990) 222 Cal.App.3d 541, 557 fn. 14 [271 Cal.Rptr. 738] ; In re Michael T. (1978) 84 Cal.App.3d 907, 911 [149 Cal.Rptr. 87].)
"F. WERE ALL RELEVANT LESSER-INCLUDED OFFENSES GIVEN?
"(CT 1:131 [general instruction]; 139 [heat of passion/sudden quarrel]; CT 1:141 [imperfect self-defense];
*320 People v. Gutierrez (2003) 112 Cal.App.4th 704, 708 [5 Cal.Rptr.3d 256] ); CT 1:145 [assault with a firearm]; CT 1:147 [simple assault]; CT 1:149 [brandishing] ( Pen. Code, § 417 ; People v. Wilson (1967) 66 Cal.2d 749, 764 [59 Cal.Rptr. 156, 427 P.2d 820] ; People v. Carmen (1951) 36 Cal.2d 768, 774 [228 P.2d 281] ; People v. Huynh (2002) 99 Cal.App.4th 662, 677-678 [121 Cal.Rptr.2d 340] ; Pen. Code, § 663 ; People v. Prettyman (1996) 14 Cal.4th 248, 267 [58 Cal.Rptr.2d 827, 926 P.2d 1013] ; People v. Woods (1992) 8 Cal.App.4th 1570, 1586-1588 [11 Cal.Rptr.2d 231].)
"G. INCONSISTENT VERDICTS/SUFFICIENT EVIDENCE-(MOTION FOR ACQUITTAL-MOTION FOR NEW TRIAL)
"(CT 1:209, 212-215, RT 9:874-875, RT 16:1258-1269; United States v. Powell (1984) 469 U.S. 57 [105 S.Ct. 471, 83 L.Ed.2d 461] ; People v. Lewis (2001) 25 Cal.4th 610, 656 [106 Cal.Rptr.2d 629, 22 P.3d 392] ; People v. Palmer (2001) 24 Cal. 4th 856, 860-861 [103 Cal.Rptr.2d 13, 15 P.3d 234] ; People v. Chagolla (1983) 144 Cal.App.3d 422, 428-429 [193 Cal.Rptr. 711]; People v. Santamaria, supra , 8 Cal. 4th at p. 911 [35 Cal.Rptr.2d 624, 884 P.2d 81] ; People v. Polowicz (1992) 5 Cal.App.4th 1082, 1089 [7 Cal.Rptr.2d 640] ; People v. Pahl (1991) 226 Cal. App. 3d 1651, 1656 [277 Cal.Rptr. 656] ; People v. Miranda (2011) 192 Cal.App.4th 398, 405 [121 Cal.Rptr.3d 231] ; Count 2: Assault with semiautomatic weapon: Pen. Code, § 245, subdivision (b) ; CALCRIM No. 875, CT 1: 143-146 [definition of firearm vs. semiautomatic]; Pen. Code, § 17140 ; People v. Dokins (2015) 241 Cal.App.4th 1179, 1184 [194 Cal.Rptr.3d 626] ; In re Jorge M. (2000) 23 Cal.4th 866, 874, fn. 4 [98 Cal.Rptr.2d 466, 4 P.3d 297] ;
*907 People v. Lawley (2002) 27 Cal.4th 102, 132 [115 Cal.Rptr.2d 614, 38 P.3d 461] ; People v. Bassett (1968) 69 Cal.2d 122, 141 [70 Cal.Rptr. 193, 443 P.2d 777].)
"H. CAN VOLUNTARY MANSLAUGHTER EVER BE A NATURAL AND PROBABLE CONSEQUENCE OF A MISDEMEANOR LIKE SIMPLE ASSAULT OR BRANDISHING A WEAPON?
"(RT 11:1023-1027; CT 1:132, CALCRIM No. 252 [aiding and abetting "requires a specific intent or mental state]; CT 1:136, CALCRIM No. 402 [aider and abettor must be found guilty of offense triggering non-target charged offense]; People v. Canizalez (2011) 197 Cal.App.4th 832, 854 [128 Cal.Rptr.3d 565] ; People v. Edwards (2015) 241 Cal.App. 4th 213, 275 [193 Cal.Rptr.3d 696] [depub.]; People v. Gonzales and Soliz (2011) 52 Cal.4th 254, 299-300 [128 Cal.Rptr.3d 417, 256 P.3d 543]
*321 [simple assault]; People v. Montes (1999) 74 Cal.App.4th 1050, 1054-1055 [88 Cal.Rptr.2d 482] [simple assault and breach of the peace for fighting in public]; People v. Chiu (2014) 59 Cal.4th 155, 164 [172 Cal.Rptr.3d 438, 325 P.3d 972] ; People v. Favor (2012) 54 Cal.4th 868, 872 [143 Cal.Rptr.3d 659, 279 P.3d 1131] ; People v. Huynh (2002) 99 Cal.App.4th 662, 681 [121 Cal.Rptr.2d 340] ; People v. Flores (2016) 2 Cal.App.5th 855, 866 [206 Cal.Rptr.3d 732] ; People v. King ( 1938) 30 Cal.App.2d 185, 200 [85 P.2d 928]; People v. Lucas (1997) 55 Cal.App.4th 721, 732-733 [64 Cal.Rptr.2d 282] ; People v. Medina (2009) 46 Cal.4th 913, 922-923 [95 Cal.Rptr.3d 202, 209 P.3d 105] ; People v. Butts (1965) 236 Cal.App.2d 817, 836 [46 Cal.Rptr. 362] ; People v. Hickles (1997) 56 Cal.App.4th 1183, 1197 [66 Cal.Rptr.2d 86].)
"I. DID THE COURT ABUSE ITS DISCRETION BY SENTENCING APPELLANT, A MERE AIDER AND ABETTOR, TO AN UPPER TERM OF 9 YEARS?
"(RT 16:1286-1287, Williams v. New York (1949) 337 U.S. 241, 247 [69 S.Ct. 1079, 93 L.Ed. 1337] ; United States v. Barker (9th Cir. 1985) 771 F.2d 1362, 1365 ; People v. Sandoval (2007) 41 Cal.4th 825, 847 [62 Cal.Rptr.3d 588, 161 P.3d 1146] ; People v. Black (2007) 41 Cal.4th 799, 817 [62 Cal.Rptr.3d 569, 161 P.3d 1130].)"
Although counsel presented the foregoing list of "claims," she states in a declaration attached to the brief that she has thus far not "uncovered any arguable appellate issues."[6]
COURT'S CONCERNS WITH COUNSEL'S BRIEF
Because of the nature of the claims raised by counsel, this court could not unequivocally discern whether counsel was presenting arguable appellate issues for our adjudication. For example, claim E. asks, "Were aiding and abetting/natural and probable consequences instructions proper?" Counsel further asks in claim I., "Did the court abuse its discretion by sentencing appellant, a mere aider and abettor, to an upper term of 9 years?" Since the term "claim" generally means to demand or assert as one's own right,[7] we requested supplemental briefing, asking directly of Jose's counsel what she meant by describing the issues as " 'claims' ... i.e., what is a 'claim'? "
*908 In response, counsel stated: "The use of the word 'claim' is in compliance with this court's policy of requiring an Anders 'listing' to assist the court in its review."
*322 We remain concerned about the propriety of counsel's brief. There is no court policy requiring counsel to present claims in a Wende brief. Moreover, counsel did not directly answer our request that she explain the meaning behind her use of the phrase "claims appearing in the record." We still do not fully understand what, exactly, Jose's counsel is requesting that we do with the claims, or demands, she has set forth.
It is possible that counsel was following the guidance provided to all appointed counsel panel attorneys by Appellate Defenders, Inc. (ADI), a nonprofit law firm that administers the appointed counsel system for the California Court of Appeal, Fourth Appellate District. ADI disseminates an appellate practice manual (ADI, Appellate Practice Manual (2d Ed., rev. Sept. 2017); Manual) as a guide to appointed counsel, and the Manual includes a section on the filing of Wende / Anders briefs. (Manual, § 4.77 et seq.) The Manuel provides:
"A question of some disagreement is whether a no-issue filing should describe the issues counsel considered. [ Anders, supra ,] 386 U.S 738, 744-745 [87 S.Ct. 1396], held counsel must file a 'brief referring to anything in the record that might arguably support the appeal' and pointed out such a brief would 'induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.' In Smith v. Robbins (2000) 528 U.S. 259 [120 S.Ct. 746, 145 L.Ed.2d 756] [ ( Smith ) ], however, the United States Supreme Court held listing possible issues is not invariably required by the Constitution, if other safeguards are in place.
"Some courts have strong preferences one way or the other as to the listing of issues, and counsel should naturally heed those. Some courts indifferently leave the matter to counsel's discretion, and some are not clear one way or another. (See, e.g., People v. Kent (2014) 229 Cal.App.4th 293 [176 Cal.Rptr.3d 629] [Fourth Dis., Div. 3: encouraging listing of issues and disagreeing with since-withdrawn opinion from another panel of same court criticizing that practice].)
"ADI for the most part encourages listing of issues. It is a way of stimulating and organizing counsel's thoughts, suggesting issues to the Court of Appeal it might not otherwise consider, and demonstrating counsel's efforts to the court, the project, and the client." (Manual, supra , § 4.79, p. 44.)[8]
*323 Three things at once stand out. First, the Manual states that there is "disagreement" (presumably among Supreme Court opinions), as to whether an Anders listing of issues in a Wende brief is constitutionally required. The Manual indicates that Anders requires a listing, while Smith, supra , 528 U.S. 259, 120 S.Ct. 746, does not. Second, the Manual observes there is wide variation among California appellate courts as to how and when Anders issues may be raised in a "no-issue filing." Thus, per the Manual, there is no uniformity in California with respect to providing a list of Anders issues. Third, given the lack of definitive law on the practice of listing Anders *909 issues, the Manual encourages appellate counsel to list issues, ranging from those that help to organize counsel's thoughts to those that might otherwise be overlooked by the court, all of which ADI believes will demonstrate counsel's efforts to the court, ADI, and the client.
We agree there is no definitive statement of law regarding whether Anders issues may be included in a Wende brief or whether the practice is uniformly beneficial to appellants. In this case, we see no legitimate purpose served by the presentation of Anders issues, where from counsel's listing of "claims," it cannot be discerned which claims counsel deems worthy of further analysis or which were merely nascent, "organizational" issues. Therefore, as we explain, we strike the Wende / Anders brief filed in this case.
I
We first state what we believe is clear: there is no constitutional requirement that issues arguably supporting an appeal be listed in a Wende brief. That is, neither the United States Supreme Court nor the California Supreme Court has ever held that a listing of Anders issues is required in a Wende brief. Moreover, we do not perceive any inconsistency on this point of law.
In Smith , the court clarified and emphasized that the Anders framework, including the step in which counsel lists arguable issues in support of his or her motion to withdraw, was only a "suggestion." ( Smith, supra , 528 U.S. at pp. 273-274, 120 S.Ct. 746.) The Smith court noted that Anders "sketched" out merely one method of protecting an indigent defendant's constitutional right to appellate counsel, and individual states are free to adopt different procedures "so long as those procedures adequately safeguard a defendant's right to appellate counsel." ( Smith , at pp. 265, 272-276, 120 S.Ct. 746.) Thus, Anders does not require any state's procedure for treating frivolous appeals to include a step of presenting arguable legal issues. ( Smith , at pp. 272-273, 120 S.Ct. 746.)
*324 II
Having concluded that an Anders "listing" is not constitutionally required in all states, the question arises whether an Anders listing is a required step in California's Wende process. We have found no case holding that listing Anders issues is a requirement in California's Wende procedure. On the contrary, every relevant authority we have consulted holds that full compliance with the Wende procedure alone sufficiently safeguards an indigent's right to effective counsel. (E.g., Smith, supra , 528 U.S. at p. 284, 120 S.Ct. 746 ["It is enough to say that the Wende procedure ... affords adequate and effective appellate review for criminal indigents. Thus, there was no constitutional violation in this case ...."]; People v. Kelly (2006) 40 Cal.4th 106, 118, 51 Cal.Rptr.3d 98, 146 P.3d 547 ( Kelly ) [ Wende is a "modified procedure [from Anders ] to ensure an indigent criminal defendant's right to effective assistance of counsel."].)
III
The only remaining question is whether an Anders listing is beneficial to a reviewing court and more so, to the interests of appellants seeking review. We conclude the answer is, it can be (see People v. Kent (2014) 229 Cal.App.4th 293, 296, 176 Cal.Rptr.3d 629 ), but not always.
Providing a list of Anders issues is a problematic endeavor. As three dissenting justices in Anders pointedly observed, "[t]he Court today ... imposes upon appointed counsel who wishes to withdraw from a case he deems 'wholly frivolous' the requirement of filing 'a brief referring to *910 anything in the record that might arguably support the appeal.' But if the record did present any such 'arguable' issues, the appeal would not be frivolous and counsel would not have filed a 'no-merit' letter in the first place. " ( Anders, supra , 386 U.S. at p. 746, 87 S.Ct. 1396 (dis. opn. of Stewart, J.), italics added.)
Many years later, the Smith court, in approving California's Wende procedure and contrasting it with Wisconsin's procedure discussed in McCoy v. Court of Appeals, Dist. 1 (1988) 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440, pointed out the weaknesses inherent in the Anders process. The Smith court addressed the concerns of the Anders dissent, and the criticism of others, that the Anders procedure is incoherent and impossible to follow: "Those making this criticism point to our language in Anders suggesting that an appeal could be both 'wholly frivolous' and at the same time contain arguable issues, even though we also said that an issue that was arguable was 'therefore not frivolous.' [Citation.] In other words, the Anders procedure appears to adopt gradations of frivolity and to use two different *325 meanings for the phrase 'arguable issue.' The Wende procedure attempts to resolve this problem as well, by drawing the line at frivolity and by defining arguable issues as those that are not frivolous." ( Smith, supra , 528 U.S. at p. 282, 120 S.Ct. 746, fn. omitted.)
The Smith court also addressed the related ethical problems-created by Anders and arguably exacerbated by the Wisconsin procedure discussed in McCoy -from counsel's having to characterize an appeal as frivolous and at the same time set forth arguable issues. The court noted that, under Wende , these ethical problems are mitigated because appellant's counsel is not required to describe the appeal as frivolous or raise specific legal issues. ( Smith, supra , 528 U.S. at pp. 281-282, 283-284, 120 S.Ct. 746.)
The Supreme Court observed that listing Anders issues comes with a potential downside-the use of scarce resources and diverting a Court of Appeal from more meritorious issues-avoided under the Wende procedure. (Smith, supra , 528 U.S. at pp. 282, fn. 13, 283-284, 120 S.Ct. 746.) Unlike the procedure in McCoy , in which the court reviews only parts of the record cited by counsel in support of the "arguable" issues raised, the Wende procedure requires "a more thorough treatment of the record by both counsel and court." ( Smith , at p. 283, 120 S.Ct. 746.) The Smith court noted that a McCoy -like process does assist the reviewing court "by directing it to particular legal issues; as to those issues, this is presumably a good thing. But it is also possible that bad judgment by the attorney in selecting the issues to raise might divert the court's attention from more meritorious, unmentioned, issues. " ( Id. at p. 284, 120 S.Ct. 746, italics added.) Moreover, as to the issues that counsel raises in a McCoy -type brief, the one-sided briefing on why those issues are frivolous may predispose the court to reach the same conclusion. "The Wende procedure reduces these risks, by omitting from the brief signals that may subtly undermine the independence and thoroughness of the second review of an indigent's case. " ( Ibid. , italics added; see Kelly, supra , 40 Cal.4th at p. 119, 51 Cal.Rptr.3d 98, 146 P.3d 547 [summarizing Wende procedure and highlighting "the importance of the appellate court's responsibility in Wende appeals to perform a thorough review of the record"].)
CONCLUSION
The case before us demonstrates a misuse of the Anders process. As we have discussed, listing Anders issues is not a *911 mandatory step in California's Wende procedure, which defines an arguable issue as one that is not frivolous. Further, an Anders listing is not necessarily helpful to the reviewing court or to an appellant. The laundry list of nine "claims" or issues included in the Wende / Anders brief filed here illustrates the difficulty of grafting an " Anders list" into California's Wende procedure. Some "claims" are quite specific and phrased in the form of arguable issues, while others are *326 broad and academic with no apparent application in this case. Counsel gives us scant assistance by her inclusion of unorganized, voluminous string citations.
Accordingly, we strike the Wende / Anders brief filed in this appeal and direct appellate counsel, within 20 days of the date of this order, to either file a Wende brief devoid of so-called "claims" appearing in the record ( Anders issues), or file a brief on the merits containing fully developed arguments on specific claims or issues. Any merits brief will be treated as an opening brief and must be filed according to the California Rules of Court governing appeals.

This matter has been considered by Justices Benke, O'Rourke, and Irion. Justice Irion concurs in parts I and II and concurs in the result in part III.

Jose was jointly tried with his brother, Salvador. For the sake of clarity, we refer to the Garcia brothers by their first names.

Further unspecified statutory references are to the Penal Code.

People v. Wende (1979) 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (Wende ) and Anders v. California (1967) 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (Anders ).

The court stayed his sentence on attempted voluntary manslaughter under section 654.

Jose's appeal initially proceeded under the same case number as Salvador's appeal. On the court's own motion, we bifurcated the appeals and assigned this appeal a different case number.

We notified Jose that his counsel filed a Wende brief stating no arguable issues could be found, and granted him 30 days to file any supplemental brief he deemed necessary. Jose did not file any supplemental brief.

Black's Law Dict. (10th ed. 2014) p. 301, col. 2. "Claim" also means to state "that something yet to be proved is true."

The Manual is publicly available online, free of charge. The most recent version of the Manual can be viewed at http://www.adi-sandiego.com/panel/manual.asp (last visited May 23, 2018).