Filed 10/15/21  P. v. Watson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY MARIO WATSON,<br><br>    Defendant and Appellant. | D079021<br><br><br>(Super. Ct. Nos. CRN17643,<br>SCN085414) |

APPEALS from orders of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1993, Anthony Mario Watson pleaded guilty to possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) in case No. CRN17643.

In 1999, a jury convicted Watson of first degree murder (Pen. Code,[1] § 187, subd. (a)) in case No. SCN085414.

In 2020, Watson filed petitions to reduce the drug conviction to a misdemeanor pursuant to Proposition 47 (§ 1170.18). The court denied the petitions, finding Watson's prior conviction for murder rendered him ineligible for resentencing under section 1170.18.

Watson filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Watson the opportunity to file his own brief on appeal.[2] Watson has responded with a supplemental brief. We will discuss his submission below.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks us to review the record for error. Counsel, however, refuses to help the court in its review by complying with *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Relying on a remark in our opinion in *People v. Garcia* (2018) 24 Cal.App.5th 314, counsel appears to take the position he does not have to comply with *Andres* in a *Wende* review for possible error. Counsel is aware the court prefers counsel to comply with *Anders* to assist the court and to ensure counsel is providing competent representation to an indigent

---

[1]   All further statutory references are to the Penal Code unless otherwise specified.

[2]   The facts of the drug offense or the murder offense are not relevant to our review for error. Whether Watson was eligible for Proposition 47 relief is an issue of law.

defendant.  Counsel asserts compliance with *Anders* might reveal his "impressions."  Although we disapprove of counsel's position, in the present appeal the record is sparse and the application of section 1170.18 is clear.  Counsel's refusal to assist the court does not interfere with our ability to independently assess the question of whether there are arguable issues for reversal on appeal.

In his supplemental brief Watson poses a number of questions all of which are designed to support his contention he was eligible for section 1170.18 relief.  Watson does not address the problem at issue here.  By reason of his 1999 conviction for first degree murder he cannot take the benefit of the Proposition 47 to obtain reclassification of his prior drug conviction.  Watson's supplemental brief does not raise any arguable issues for reversal on appeal.

We have reviewed the entire record and find there are no arguable issues for reversal on appeal.  Counsel's refusal to comply with *Anders* has not deprived Watson of adequate legal representation.

DISPOSITION

The orders denying Watson's petitions for resentencing under section 1170.18 are affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



HALLER, J.



DO, J.


4