Filed 6/20/22 P. v. Ramirez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CARLOS RAMIREZ,<br><br>Defendant and Appellant. | F082936<br><br>(Super. Ct. No. F13908905)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. Jonathan M. Skiles, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Peña, Acting P. J., Meehan, J. and De Santos, J.

In a prior opinion (*People v. Ramirez* (Nov. 3, 2020, F077884) [nonpub. opn.]; (F077884)), this court partially affirmed and partially reversed a judgment of conviction against Carlos Ramirez (defendant). The cause was remanded for reconsideration of a motion for new trial and, contingent upon the motion ruling, resentencing. This appeal is taken from the judgment entered on remand. Defendant's appellate counsel makes no claims of error and requests our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Finding no arguable errors that could result in a disposition more favorable to defendant, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We incorporate by reference the factual and procedural background set forth in F077884. To briefly recapitulate, a jury found defendant guilty of raping several prostitutes. He lured his victims to secluded areas under the pretext of an arm's-length transaction for sex, then falsely identified himself as a police officer and/or threatened them with a stun gun. The victims had been willing to engage in protected sexual activity for money, but defendant coerced and/or physically forced them to have sex with him without a condom.

Defendant was convicted of rape by force or fear (Pen. Code, § 261, subd. (a)(2); counts 1, 9, 13 & 16); oral copulation by force or fear (former § 288a, subd. (c)(2)(A); counts 2 & 10); felony false imprisonment as a lesser included offense of aggravated kidnapping (§§ 209, subd. (b)(1), 236, 237, subd. (b); counts 8, 12 & 15); and falsely identifying oneself to a police officer (§ 148.9; count 19). True findings were made on four weapon enhancement allegations (§ 12022, subd. (b)(1).) True findings were also made on a multiple-victim allegation pursuant to section 667.61, subdivision (e)(4), which is part of a sentencing scheme known as the "One Strike" law. (Undesignated statutory references are to the Penal Code.)

Due to the multiple-victim findings, defendant was sentenced to six consecutive prison terms of 15 years to life (counts 1, 2, 9, 10, 13 & 16). Three additional one-year

terms were imposed for the weapon enhancements, resulting in an aggregate prison sentence of 93 years to life. Concurrent determinate terms were imposed for all remaining counts except for the misdemeanor offense of lying to a police officer, for which defendant apparently received credit for time served.

In F077884, this court reversed the weapon enhancements for insufficient evidence and reduced defendant's conviction on count 15 to misdemeanor false imprisonment (§ 237, subd. (a)). The judgment was otherwise affirmed subject to reconsideration of defendant's motion for new trial. It was determined the trial court had conflated the standards applicable to motions for a directed verdict and motions for a new trial in its analysis of the subject motion. The disposition on appeal instructed the trial court to "reconsider the motion under the standard applicable to section 1181, subdivision 6." The remittitur issued on January 14, 2021.

The proceedings on remand, originally scheduled to commence in February 2021, were twice continued at defendant's request. On June 2, 2021, defendant's trial counsel filed a brief containing points and authorities on the motion for new trial. On June 8, 2021, the trial court heard and denied the motion. Immediately thereafter, defendant was resentenced to an aggregate prison term of 90 years to life.

The trial court's stated reasons for denying the motion for new trial were as follows:

> "In addition to reading and considering the motion and the attachments to that motion, this Court is also the Court that presided over the trial. The Court heard all the evidence presented at the trial as well as being able to hear and see the witnesses as they testified. When the initial motion for a new trial was made, the Court made the following statement, also reflected in the opinion from the Fifth. [']There was ample evidence before the jury that would allow a reasonable juror to conclude that the defendant was guilty of the crimes and enhancements charged.['] The Court did go further to that and defer to the jury in language that was outside the standard for the granting of a new trial. However, this Court continues to find after reviewing all the evidence in light most favorable to the prosecution that any rational trier of facts could have found beyond a

3.

reasonable doubt the essential elements of the crimes for which the jury convicted [defendant].

"Based on the Court's independent examination of all evidence, the Court is convinced that the charges were proved beyond a reasonable doubt and the Court is denying the motion for a new trial."

Defendant filed a timely notice of appeal and requested the appointment of counsel, which was granted. In March 2022, appellate counsel filed an opening brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, requesting independent review of the record for arguable issues. Counsel also informed defendant that he had 30 days to submit his own supplemental brief. On March 21, 2022, this court provided a separate, written notice to defendant of his right to file a supplemental brief. No further briefing has been filed.

## DISCUSSION

"[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal. California's procedure for securing this right requires counsel to file a brief summarizing the proceedings and the facts with citations to the record, and requires the appellate court to review the entire record to determine whether there is any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.) "[A]n arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109; see *People v. Garcia* (2018) 24 Cal.App.5th 314, 325 [describing an arguable issue "as one that is not frivolous"].)

In F077884, we explained the difference between the standards governing a motion for new trial and a motion for judgment of acquittal. The opinion states, in relevant part: "'In ruling on an 1118.1 motion for judgment of acquittal, the court

4.

evaluates the evidence in the light most favorable to the prosecution. If there is any substantial evidence, including all inferences reasonably drawn from the evidence, to support the elements of the offense, the court must deny the motion.' [Citation.]… [¶] Conversely, the trial court 'extends no evidentiary deference in ruling on a section 1181(6) motion for new trial. Instead, it independently examines all the evidence to determine whether it is sufficient to prove each required element beyond a reasonable doubt *to the judge*, who sits, in effect, as a "13th juror."'"

On remand, the trial court inexplicably alluded to the wrong standard yet again by stating, "[T]his Court continues to find after reviewing all the evidence in light most favorable to the prosecution that any rational trier of facts could have found beyond a reasonable doubt the essential elements of the crimes for which the jury convicted [defendant]." But immediately thereafter, it said, "Based on the Court's *independent examination* of all evidence, *the Court is convinced* that the charges were proved beyond a reasonable doubt …." (Italics added.) Despite the puzzling nature of the first statement, it can and should be treated as "surplusage" in light of the second statement and the surrounding circumstances. (*People v. Price* (1992) 4 Cal.App.4th 1272, 1275; see *People v. Davis* (1995) 10 Cal.4th 463, 524 [upholding denial of new trial motion where, despite "isolate[d] statements in which the trial court refer[red] to the jury's verdicts," it had "expressly articulated the correct standard of review" and the record clearly showed "that it did not regard itself as bound by any of the jury's findings"].)

A trial court is presumed to have known and followed the applicable law. (*People v. Castaneda* (1975) 52 Cal.App.3d 334, 342; Evid. Code, § 664.) There is strong support for this presumption here given the trial court's indication that it had read our opinion in F077884. Furthermore, whereas defendant's original moving papers failed to discuss the applicable law, his briefing on remand highlighted the controlling legal standard. For all these reasons, there would be no potential merit in arguing the trial court misapplied the law a second time in its reconsideration of the motion for new trial.

5.

In addition to the foregoing analysis, we have independently reviewed the entire record and are satisfied no arguable issues exist. We also conclude defendant's appellate counsel has fulfilled his obligations under *Wende*.

## DISPOSITION

The judgment is affirmed.