Filed 1/24/23  P. v. Glenn CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ISAIAH LEE GLENN,<br><br>  Defendant and Appellant. | D079998<br><br><br><br>(Super. Ct. No. SCD290416) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Request for judicial notice granted.  Affirmed.

R. Chris Lim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Following the overdose death of Stewart H., Defendant Isaiah Lee Glenn pleaded guilty to furnishing fentanyl in violation of Health & Safety Code section 11352, subdivision (a).  The trial court denied probation and imposed a split four-year middle term.  Glenn appealed, and appointed

appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Glenn was apprised of his right to file a supplemental brief but did not do so.  Independently reviewing the entire record (*People v. Kelly* (2006) 40 Cal.4th 106, 119), we find no arguable issues and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 2019, Glenn acquired fentanyl from codefendant Brittany Calvert and gave some to Stewart.[1]  Glenn and Stewart smoked the substance together in a parked van and fell asleep.  Glenn awoke the next morning and returned to his apartment around 8:00 a.m.  When he left, Stewart remained sleeping and was snoring.  When Glenn returned around 10:30 a.m., he found Stewart hunched over the backseat, unresponsive.  Glenn called 911, and his cell phone records later revealed his role in procuring and furnishing the drug.  Stewart's death was ruled an accident caused by acute fentanyl intoxication.

The San Diego County District Attorney charged Glenn in June 2021 with involuntary manslaughter by unlawful act (Pen. Code, § 192, subd. (b), count 1) and furnishing a controlled narcotic (Health & Saf. Code, § 11352, subd. (a), count 2).[2]  In November 2021, Glenn pleaded guilty to count 2, and count 1 was dismissed.

In January 2022, the court sentenced Glenn to a four-year middle term in county jail.  (See § 1170, subd. (h)(2).)  Glenn had requested probation, but the court concluded this was "just simply not a probation case" because furnishing heroin laced with fentanyl had "unfortunate, but imminently

---

[1]  Because Glenn pleaded guilty soon after the felony complaint was filed, we draw case-related facts from the probation report.

[2]  Further undesignated statutory references are to the Penal Code.

2

foreseeable consequences." The court selected the middle term in the triad because it reflected "the seriousness of the conduct in this case" while offering Glenn a chance at rehabilitation. It ordered the last year of the four-year jail term suspended under section 1170, subdivision (h)(5)(B) and specified terms of mandatory supervision. Glenn was ordered to pay a $300 restitution fine and victim restitution in an amount to be determined.

After Glenn filed a notice of appeal, appellate counsel filed a motion before the trial court to correct the calculation of presentence custody credits. (§ 1237.1.) The motion sought an additional 123 days of presentence custody credit for time Glenn spent at a court-mandated residential treatment facility. (See § 2900.5, subd. (a).) In August 2022, the court granted his request and updated the abstract of judgment to reflect the additional credit.[3]

## DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but asked this court to review the entire record for error in accordance with *Wende, supra,* 25 Cal.3d 436.[4] Independently reviewing the record, we discern no reasonably arguable appellate issue.

The felony complaint filed two years after the offense was timely. (§ 801 [three-year limitations period for offenses punishable under § 1170,

---

[3]    We grant Glenn's request for judicial notice of the court order awarding him 123 additional days of presentence custody credit and the amended abstract of judgment. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)

[4]    Counsel did not identify any issues under *Anders v. California* (1967) 386 U.S. 738 (*Anders*) that "might arguably support the appeal" (*id.* at p. 744), but a listing of *Anders* issues is not required by California's *Wende* procedure. (See *People v. Garcia* (2018) 24 Cal.App.5th 314, 324.)

subd. (h)]; see Health & Saf. Code, § 11352, subd. (a) [specifying punishment under Pen. Code, § 1170, subd. (h)].)  Because Glenn did not request a certificate of probable cause, he may not raise questions going to the validity of his plea.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1088 (*Mendez*); § 1237.5; Cal. Rules of Court, rule 8.304(b).)  Accordingly, his notice of appeal challenges only "the sentence or other matters occurring after the plea that do not affect the validity of the plea."

A certificate of probable cause is not required to challenge the sentence or post-plea matters.  (*Mendez, supra,* 19 Cal.4th at p. 1088.)  But the record discloses no reasonably arguable appellate issue concerning sentencing.  In accordance with the plea agreement, the trial court sentenced Glenn to four years in county jail, selecting the middle term.  (Health & Saf. Code, § 11352, subd. (a).)  Consistent with section 1170, subdivision (h)(5), the court entered a split sentence with mandatory supervision for the last year of the suspended term.  (See generally, *People v. Conatser* (2020) 53 Cal.App.5th 1223, 1227.)  After the notice of appeal was filed, the court granted Glenn's request to amend the award of presentence custody credits to account for time spent in a court ordered rehabilitation program prior to sentencing.

Glenn was not entitled to presumptive lower term sentencing under recent amendments to the Determinate Sentencing Law despite his relative youth because he was two months past his twenty-sixth birthday at the time of the offense.  (See §§ 1170, subd. (b)(6)(B), 1016.7, subd. (b).)  Effective January 1, 2023, courts must consider alternatives to incarceration— including probation—under new legislation, consistent with the express legislative intent "that the disposition of any criminal case use the least restrictive means available."  (§ 17.2; see Stats. 2022, ch. 775, § 2 (Assem. Bill No. 2167).)  But nothing in that legislation compels a trial court to accept a

4

less restrictive option.  (Stats. 2022, ch. 775, § 1(e); see § 17.2, subd. (c).)  Here, consistent with section 17.2, the court fully considered but rejected Glenn's request for probation, deeming that placement inappropriate given the circumstances of the case.

Having reviewed the entire record pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, we find no reasonably arguable appellate issue.  Glenn has been adequately represented by counsel in this appeal.

DISPOSITION

The judgment is affirmed.


DATO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.