Filed 2/25/26  In re Edgar T. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re EDGAR T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDGAR T.,<br><br>    Defendant and Appellant. | G064593<br><br>(Super. Ct. No. 24DL0568)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Vibhav Mittal, Judge. Affirmed.

Ariana D'Agostino, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

A juvenile court (the court) found true that 14-year-old Edgar T. (Edgar) committed two crimes: an attempted murder and an assault with a firearm. The court also found true a weapon enhancement. The court ordered Edgar to serve a term in the juvenile hall. Edgar filed a notice of appeal.

Edgar's counsel filed an opening brief identifying no arguable issues on appeal. (See *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Edgar has not filed a supplemental brief on his own behalf. After independently reviewing the record, we affirm the judgment.

I.

BRIEF FACTS AND PROCEDURAL BACKGROUND[1]

On March 29, 2024, at about 5:00 p.m., a dark colored Hyundai sedan pulled into a Santa Ana church parking lot and parked. Four people got out of the car: Edgar, a man dressed in black, a woman, and a small child. The group loitered in the parking lot. A few minutes later, Frank S. (the victim), walked into the parking lot and started to get into a white Ford Explorer. Edgar walked by the Ford Explorer and looked at it several times.

Edgar walked toward the man in black, who handed Edgar a pink purse. The woman and the child returned to the Hyundai sedan. Edgar took an object out of the pink purse, placed it in his front waistband, and dropped the purse. Edgar then walked quickly towards the Ford Explorer, which was now leaving the parking lot. Edgar produced a black

---

[1] In *Wende* appeals, the California Supreme Court has directed appellate courts to outline "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

semiautomatic handgun and fired multiple shots at the Ford Explorer as it drove away. The Ford Explorer crashed into another vehicle parked on the curb. Edgar returned to the Hyundai sedan, which then drove away from the parking lot.

Police responded to the location at about 5:08 p.m., in response to a call about a shooting. When the police arrived they saw the white Ford Explorer with its the driver's side window completely shot out. The police saw the victim kneeling on the ground near the Explorer. The victim was bleeding and was in a state of shock. Emergency personnel transported the victim to the hospital.

One of the responding officers contacted the church and obtained a surveillance video of the parking lot, which captured the shooting. The officer recognized the shooter (Edgar) from multiple prior contacts. An eyewitness also later identified Edgar as the shooter in a photo lineup.

*Procedural History*

The People filed a Welfare and Institutions Code section 602 petition, which alleged that Edgar committed an attempted murder and an assault with a semiautomatic firearm. The People further alleged Edgar intentionally discharged a firearm during the commission of a crime.

Following a contested hearing, the court found all of the allegations in the petition true. The court ordered Edgar to serve approximately three years in the juvenile hall with credit for time served. The court's disposition allowed Edgar to file a petition for early release after about a year and a half. The court's order included various probation terms.

## II.

## DISCUSSION

When appellate counsel identifies no arguable issues on appeal, an appellate court must independently review the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

In a "*Wende* brief," appellate counsel may identify potential issues that were considered, but not raised on appeal. (See *People v. Kent* (2014) 229 Cal.App.4th 293, 296 [the listing of potential issues (so-called *Anders* issues) is welcomed and encouraged]; but see *People v. Garcia* (2018) 24 Cal.App.5th 314, 325 [the listing of *Anders* issues "is not necessarily helpful to the reviewing court or to an appellant"].)

Here, counsel directed this court's attention to four potential issues that had been considered, but were not raised on appeal: (1) whether Edgar's adjudication violated Penal Code section 654; (2) whether the evidence showed that Edgar understood the wrongfulness of his conduct (criminal intent); (3) whether the probation conditions were appropriate; and (4) whether the court erred in declining to strike the eyewitness's testimony.

This court has reviewed the record on appeal, and we find no arguable issues, including the four potential issues identified by counsel. (See *People v. Johnson, supra,* 123 Cal.App.3d at p. 109 ["the issue must be such

4

that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment"].)

## III.

## DISPOSITION

The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.