Filed 3/18/26  P. v. Magana CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SERGIO CERVANTES MAGANA,<br><br>    Defendant and Appellant. | G065681<br><br>(Super. Ct. No. 25HF0120)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kevin Haskins, Judge. Affirmed.

Annie F. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

The People charged defendant Sergio Cervantes Magana with one count of arson. A jury found Magana guilty of unlawful burning, which is a lesser included offense. The trial court placed Magana on formal probation for two years. Magana filed a notice of appeal.

Magana's counsel filed an opening brief identifying no arguable issues on appeal. (See *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Magana has not filed a supplemental brief on his own behalf. After independently reviewing the record, we affirm the judgment.

I.

BRIEF FACTS AND PROCEDURAL BACKGROUND[1]

On January 11, 2025, at about 10:00 p.m., neighbors in a Laguna Hills neighborhood heard a man screaming on the hillside behind them. One of the neighbors called 9-1-1 after seeing an apparent fire. A deputy sheriff arrived and put out the majority of the fire with a fire extinguisher. Another deputy saw Magana and ordered him to stay on the ground.

Magana told the deputies that someone was chasing him and he had fallen from a tree. Magana said that he hurt his ankle. Magana said that he did not have a cell phone and he lit the fire in order to get someone's attention. Magana said, "'I just didn't know what else to do, man.'" Magana said that he tried to keep the fire somewhat contained. Magana had three BIC lighters in his possession.

---

[1] In *Wende* appeals, the California Supreme Court has directed appellate courts to outline "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

*Procedural History*

The People filed an information charging Magana with one count of arson. At a jury trial, a fire investigator testified that he had responded to the call of a fire in Laguna Hills at about 11:16 p.m. The investigator opined that there had been a minimum of three spots where the fire was started, and that the fire was intentionally set. Magana testified that he had been hurt, he could not move, and he had started the fire to get some assistance. Magana had previously pleaded guilty to two theft related felonies.

The trial court instructed the jury on the crime of arson (a willful and malicious burning), and the lesser included crime of unlawfully causing a fire (a reckless burning of forest land). (Pen. Code, §§ 451, subd. (c), 452, subd. (c).) The jury found Magana not guilty of the greater offense, but guilty of the lesser included offense. The trial court granted Magana two years of formal probation with 364 days in custody, along with fines and fees.

## II.

## DISCUSSION

When a defendant's appellate counsel identifies no arguable issues on appeal, an appellate court must independently review the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

3

In a "*Wende* brief," appellate counsel may identify potential issues that were considered, but not raised on appeal. (See *People v. Kent* (2014) 229 Cal.App.4th 293, 296 [the listing of potential issues (so-called *Anders* issues) is welcomed and encouraged]; but see *People v. Garcia* (2018) 24 Cal.App.5th 314, 325 [the listing of *Anders* issues "is not necessarily helpful to the reviewing court or to an appellant"].)

Here, counsel directed this court's attention to three potential issues that had been considered, but were not raised on appeal: (1) whether Magana's rights to a fair trial were violated by transporting him to the courtroom in handcuffs and waist chains; (2) whether the prosecutor committed misconduct by eliciting testimony about a red flag warning; and (3) whether the prosecutor committed misconduct by arguing that Magana had previously been in trouble before.

This court has reviewed the record on appeal, and we find no arguable issues, including the three potential issues identified by counsel. (See *People v. Johnson, supra,* 123 Cal.App.3d at p. 109 ["the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment"].)

## III.

## DISPOSITION

The judgment is affirmed.


MOORE, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.